11-448
Twitty v. Ashcroft

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

Present:
    RALPH K. WINTER,
    ROBERT A. KATZMANN,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

ANDRE J. TWITTY,

    *Plaintiff-Appellant*,

        v.                                    No. 11-448

SCOTT SALIUS,

    *Defendant-Appellee,*

ERIC H. HOLDER, JR.,[*] H. LAPPIN, G.L. HERSCHBERGER, RAU, JOHN ROWLAND, RICHARD BLUMENTHAL, WAYNE CHOINSKI, CAROL ARRIRO, THERESA C. LANTZ, LYNN MILLING, TERRANCE ROSE, ESTHER TORRES, JEFFREY McGILL, BRIAN BRADWAY, JOHN DOES, FEDERAL BUREAU OF PRISONS,

    *Defendants*.

_____

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General John Ashcroft as the respondent in this case. The Clerk of the Court is directed to amend the caption to read as shown above.

For Plaintiff-Appellant:    JEFFREY J. WHITE (Craig A. Raabe, Katherine S. Kayatta, *on the brief*), Robinson & Cole LLP, Hartford, CT.

For Defendants-Appellees:  MATTHEW B. BEIZER, Assistant Attorney General, *for* George Jespen, Attorney General for the State of Connecticut.

Appeal from the United States District Court for the District of Connecticut (Martinez, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Andre J. Twitty brings this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that on January 14, 2004, defendant-appellee Scott Salius used excessive force in violation of the Eighth Amendment during plaintiff's intake into Northern Correctional Institution in Somers, Connecticut ("Northern"). The intake was recorded by Northern staff on a VHS videotape, several copies of which were made during the course of the litigation. About a month before the trial was to begin, the original videotape was erased. After plaintiff conducted discovery regarding the erasure of the tape, he filed a motion for an adverse inference. The district court denied the motion on May 5, 2010, and the trial began on the same day. On May 7, 2010, the jury returned a verdict in favor of the defendant. Plaintiff thereafter filed a motion for a new trial, which the district court denied on January 6, 2010. On appeal, plaintiff argues: (1) that the district court erred when it failed to give an adverse inference instruction or impose any other sanction after the original intake videotape was erased; and (2) that the district court erred in permitting the jury to return a verdict that was against the weight of the evidence. We assume the parties' familiarity with the underlying facts and procedural history of this case.

2

We first consider plaintiff's argument that the district court erred when it failed to give an adverse inference instruction in response to the erasure of the original intake videotape, which plaintiff characterizes as the "spoliation of the original intake video." Pl.'s Br. at 6. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A party seeking an adverse inference instruction based on the destruction of evidence must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (internal quotation marks omitted). "We review a district court's decision on a motion for discovery sanctions for abuse of discretion." *Id.* A district court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal citation omitted).

In this case, the district court denied plaintiff's motion for an adverse inference because, *inter alia*, "the tape was damaged as a result of negligence [--] an error caused by improper use of the equipment at the prison resulted in the damage to the original tape; and . . . there are satisfactory copies available [because] . . . the actual differences between the copies are limited to nuances [in t]racking, color, and audio quality." *Twitty v. Ashcroft*, No. 3:04CV410(DFM), 2011 WL 59303, at *6 (D. Conn. Jan. 6, 2011) (internal quotation marks omitted). The district court did not abuse its discretion in reaching these conclusions. There was ample evidence in the

3

record to support the district court's determination that the tape was erased as a result of ordinary negligence on the part of Officer Sokolowski, a correctional officer at Northern. Sokolowski testified that on March 31, 2010, in anticipation of the original tape being taken from the Northern facility, he attempted to make a copy of the original tape. Sokolowsi further testified that he had never before used Northern's equipment to make a copy of a VHS tape, and that he erased the tape when he incorrectly pushed both the "copy" and the "record" buttons at the same time. J.A. 247.

The district court did not clearly err in characterizing this mistake as negligent rather than grossly negligent or an act of bad faith. Although "[t]he sanction of an adverse inference *may be appropriate in some cases* involving the negligent destruction of evidence," *Residential Funding Corp.*, 306 F.3d at 108. (emphasis added), a sanction is by no means mandatory, and the district court did not abuse its discretion in concluding that such a remedy was inappropriate in this case. As the district court found, quality copies of the tape existed, one of which was played during the trial. Plaintiff's counsel viewed the original tape before it was destroyed, and was unable to articulate, either before the district court or on appeal, any material difference between the original videotape and the DVD that was available for trial. As the district court found, any difference between the two tapes was limited to nuances in tracking, color, and audio quality. Accordingly, the erasure of the tape, while regrettable, did not materially prejudice the plaintiff's case. Under these circumstances, the district court did not abuse its discretion in concluding that an adverse inference instruction was inappropriate.

Plaintiff's second claim, that the district court erred in permitting the jury to return a verdict that was against the weight of the evidence, is without merit. It is well established in this

4

Circuit that a district court's denial of a motion for a new trial on the ground that the verdict is against the weight of the evidence is not reviewable on appeal. *See, e.g.*, *Stonewall Insurance Co. v. Asbestos Claims Management Corp.*, 73 F.3d 1178, 1199 (2d Cir. 1995) ("The loser is also entitled to argue to the trial judge that the verdict is against the weight of the evidence and to obtain a new trial if the judge can be persuaded, but the denial of that challenge is one of those few rulings that is simply unavailable for appellate review."). Moreover, having reviewed the record in an excess of caution, we are confident that if the issue were available to review, we would affirm the district court's denial of the new trial motion, as the district court was well within its discretion in concluding that the jury's verdict was not against the weight of the evidence.

We have considered defendant's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5